## J. W. WALKER v. KEYSTONE BREWING CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Affirmed at Bar.

Under § 5, act of June 2, 1874, P. L. 271, providing for the organization of limited partnerships, "no debt shall be contracted or liability incurred for said association except by one or more of the said managers, and no liability for an amount exceeding five hundred dollars . . . . . shall bind the said association, unless reduced to writing and signed by at least two managers."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 33 October Term 1889, Sup. Ct.; court below, No. 556 December Term 1886, C. P. No. 1.

On December 2, 1886, service was made in an action of assumpsit brought by J. W. Walker against the Keystone Brewing Company, Limited, a partnership organized under the act of June 2, 1874, P. L. 271. Issue.

At the trial on November 23, 1888, before SLAGLE, J., the plaintiff made the following offer:

We propose to prove that in the latter part of the year 1885

the defendant company employed a man named Greiser as its architect and agent in the erection and construction of its brewery building in this city; that sometime in the month of November or December, 1885, the said Greiser, in the discharge of his duties as such agent and architect, requested the plaintiff, the witness on the stand, to submit to him a bid for the asphalt work in said proposed building; that the plaintiff thereupon submitted to said architect a bid proposing to furnish all the labor and materials necessary, and to do the work according to the plans and specifications furnished by said architect, for the sum of $3,625; that soon after said bid was submitted the plaintiff was informed by said architect, and also by one of the board of managers of the defendant company, that the same had been accepted, and that the contract was let to him, the said plaintiff; that soon thereafter, to wit, in the month of December, 1885, the said architect, or the attorney of the defendant company, reduced the terms of said contract to writing, and also prepared, or caused to be prepared, a bond conditioned for the faithful performance of the contract on the part of the plaintiff, as required by the terms of said contract; that afterwards, at the request of said architect and agent, the plaintiff signed said contract and delivered the same to said architect to be signed by the defendant company, and at the same time delivered to said architect for the company the required bond, properly executed by plaintiff and two sureties, who were then and there approved by said architect, and the bond accepted by him as entirely satisfactory and sufficient under the contract; that afterwards, to wit, sometime in the month of January, 1886, the said architect notified the plaintiff that said contract had been signed by the defendant company, and then and there directed plaintiff to get his materials ready and be prepared to begin the work; that, relying on the foregoing representations, and believing them to be true, the plaintiff did as he was directed, and ordered his materials, some four carloads of asphalt from New York, and materials from elsewhere, placed the same on the grounds ready for use, together with the pans, kettles and other apparatus necessary for doing the work, and, in pursuance of notice and request from said architect, began the work, and was proceeding with the same in good faith, whereupon defendant company, by one of its board of managers, without any just

cause or excuse therefor, interfered with and prevented plaintiff from completing the work, and compelled him to abandon the same; that all that was done by plaintiff in pursuance of the contract, and on the faith of it, was well known to the board of managers of the defendant company, and they sanctioned and encouraged the same at the time it was going on.

The plaintiff offered in evidence, also, the portions of the affidavit of defence reading as follows: "Plaintiff proposed to do the work mentioned in his affidavit of claim for the sum of $3,625, and made such proposal upon the following terms, to wit: That he would sign such contract as should be prepared by W. Greiser, architect, and would give bond with such sureties as would be satisfactory to defendants' said architect. . . . . On December 21, 1885, plaintiff was notified by said architect that the contract and bond were at the office of Montooth Bros., ready for execution by him, and, as affiant is informed, he went there and signed the contract, and S. D. Warmcastle, one of his proposed bondsmen, signed the bond. . . . . And finally the contract was let to Bierman for the sum of $3,475;" to be followed by evidence that the plaintiff was compelled to sell his materials at a great sacrifice on the cost of the same, with the cost of the transportation, and thereby suffered great loss.

All the foregoing offers were refused, under exception to the plaintiff. No other testimony being presented, the court directed the jury to enter judgment in favor of the defendant. Judgment having been entered, the plaintiff took this appeal, assigning the refusal of the plaintiff's offers for error.

*Mr. J. M. Garrison* (with him *Mr. Geo. C. Wilson*), for the appellant.

Counsel cited: 1 Story's Eq. J., §§ 330, 768; 1 Wharton on Ev., § 911; Bispham's Eq., § 383; Montacute v. Maxwell, 1 P. Wms. 618; Chapman v. Chapman, 59 Pa. 214; Crest v. Jack, 3 W. 238; Keeler v. Vantuyle, 6 Pa. 250; Commonwealth v. Moltz, 10 Pa. 531; Wood v. Wilson, 37 Pa. 383; Miranville v. Silverthorn, 48 Pa. 149; Millingar v. Sorg, 55 Pa. 215; Lawrence v. Luhr, 65 Pa. 236; Miller v. Miller, 60 Pa. 16; McCormick v. McMurtie, 4 W. 195; Dock v. Boyd, 93 Pa. 92, saying: These authorities under the statute of frauds and perjuries embody the principle we contend for in this case,

to wit: that where a statute requires a contract to be in writing and signed by the parties in order to be binding, a party to such contract made by parol will be estopped from claiming protection under the statute, if the enforcement of the statute would enable him to perpetrate a fraud on the other contracting party.

*Mr. John S. Ferguson,* for the appellee, was not heard.

Counsel cited, in the brief filed: Section 5, act of June 2, 1874, P. L. 271; Melting Co. v. Reese, 118 Pa. 355.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.